Submitted on the record January 9, ballot title referred to Attorney General for modification February 7, 2002
Modified ballot title certified February 25, 2002 (333 Or 419, 41 P3d 402)

David J. HUNNICUTT
and Lawrence B. George,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Evan MANVEL,
*Intervenor.*

(SC S48996)

39 P3d 182

David Hunnicutt, Tigard, filed the petition for himself and petitioner George.

Janet A. Metcalf, Assistant Attorney General, Salem, filed the answering memorandum. With her on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

GILLETTE, J.

**GILLETTE, J.**

In this ballot title review proceeding, petitioners challenge various aspects of the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State has denominated as Initiative Petition 112 (2002). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). *See* ORS 250.085(5) (setting out standard of review).

The proposed measure would amend Article I, section 18, of the Oregon Constitution, by adding the following subsection:

> "Whereas the right to property must be balanced against the interests of the community, nothing in this section shall require compensation due to a government regulation whose primary purpose is to protect air, water, fish, wildlife, or food supply, preserve farm or forestland, promote jobs, affordable housing, public health, safety or community livability, or reduce the burden imposed on taxpayers by new development, except as required under this section as it existed prior to November 7, 2000. Nothing in this 2002 Amendment shall be interpreted to limit the right of any citizen to compensation under the United States Constitution."

The proposed measure appears to be, at least in part, a response to Ballot Measure 7 (2000) (Measure 7), which the voters approved in November 2000 and sought to place in the constitution a right of a private property owner to payment of compensation when a government regulation reduces the value of property by any amount. The constitutionality of Measure 7 presently is at issue before this court in *League of Oregon Cities v. State of Oregon* (SC S48450) and *McCall v. Kitzhaber* (SC S48451).

The Attorney General's certified ballot title for Measure 112 (2002) contains the following caption:

"AMENDS CONSTITUTION: NO RIGHT TO
COMPENSATION FOR GOVERNMENT REGULATION
HAVING CERTAIN PURPOSES UNLESS RIGHT
EXISTED BEFORE 2000"

Petitioners have two objections to the caption. In the first, they argue that the phrase, "having certain purposes," is inaccurate, because (they assert) the actual result of adopting the proposed measure would be to overrule entirely the effect of Measure 7. That argument is not correct. It is true that, if adopted, the proposed measure would limit significantly what otherwise would be the effect of Measure 7. But the proposed measure would not overrule Measure 7 entirely because, *inter alia*, the proposed measure would require that, to be exempt from Measure 7, the regulation in question would have to be adopted for the "primary purpose" of furthering one or more of the interests listed in the proposed measure. Not all regulations would fit that description.

Petitioners also argue, however, that the Attorney General's caption is inadequate under the applicable statutory standard, ORS 250.035(2)(a), because it does not inform the voter about the particular area of the law that would be affected by the proposed measure: "A voter reading the caption would have no idea that the measure dealt with limitations on the right to compensation for a taking of private property, which is obviously the 'subject' of the measure."[1] The Attorney General agrees that this argument is well taken and that he must identify more specifically the right to compensation to which the proposed measure refers to be in compliance with the applicable statutory standard. We agree. The ballot title must be referred to the Attorney General for modification. ORS 250.085(8).

We have considered petitioners' other arguments, which deal with the result statements and the summary, and determine that they are not well taken.

Ballot title referred to the Attorney General for modification.

---

[1] Under ORS 250.035(2)(a), a caption must "reasonably identif[y] the subject matter of the state measure."