On modified ballot title filed February 14,* modified ballot title certified
February 27, 2002

David J. HUNNICUTT
and Lawrence B. George,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*
*and*

Evan MANVEL,
*Intervenor.*

(SC S48996)

41 P3d 402

No appearance by petitioners.

Janet A. Metcalf, Assistant Attorney General, Salem, filed
the filing of modified ballot title for respondent. With her on
the filing were Hardy Myers, Attorney General, and Michael
D. Reynolds, Solicitor General.

---

* 333 Or 264, 39 P3d 182 (2002) (referring ballot title for modification).

The court in this ballot title review proceeding determined that the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State denominated as Initiative Petition 112 (2002), failed to comply substantially with statutory standards. *Hunnicutt v. Myers*, 333 Or 264, 39 P3d 182 (2002). Under ORS 250.085(8), the court referred the ballot title to the Attorney General for modification. The Attorney General has filed a modified ballot title for the proposed initiative measure, and no party to the ballot title review proceeding has objected. *See* ORS 250.085(9) (setting out period within which party may object to modified ballot title and requiring court to certify modified ballot title if no objection filed).

The modified ballot title for Initiative Petition 112 (2002) states:

"AMENDS CONSTITUTION: NO COMPENSATION
TO PROPERTY OWNERS FOR GOVERNMENT
REGULATIONS HAVING CERTAIN PURPOSES
UNLESS RIGHT PRE-DATED 2000

"RESULT OF 'YES' VOTE: 'Yes' vote provides that property owners have no right to compensation due to government regulations having certain primary purposes unless compensation right existed before 2000.

"RESULT OF 'NO' VOTE: 'No' vote rejects proposal providing that property owners have no right to compensation due to certain government regulations unless right to compensation existed before 2000.

"SUMMARY: Amends Constitution. Provides that, except as required by state constitution as it existed before 2000, property owners have no right to compensation due to government regulations having certain primary purposes. Primary purposes are: protecting air, water, fish, wildlife, food supply, preserving farm, forestland, promoting jobs, affordable housing, public health, safety, community livability, and reducing taxpayers' burden from new development. Before 2000, state constitution provided for payment of just compensation when government takes private property for public use, but not when property value is only reduced. A 2000 measure provided for compensation when some government regulations reduce value. That measure was challenged on constitutional grounds; when ballot title

was prepared, challenge was not resolved. This proposal would limit the 2000 measure's effect by exempting many regulations."

The modified ballot title is certified. The appellate judgment shall issue in accordance with ORS 250.085(9).